IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS B. HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2915-G-BN |
| | § | |
| PIVOTHEALTH HOLDINGS, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lucas B. Horton filed a *pro se* complaint based on telephone solicitations that he received, raising claims under state and federal laws, including the Telephone Consumer Protection Act ("TCPA"). *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred Horton's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After Defendant PivotHealth Holdings, LLC ("Pivot") moved to dismiss Horton's complaint for lack of personal jurisdiction and failure to state a claim, *see* Dkt. No. 9, Horton amended his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), *see* Dkt. Nos. 10-13.

And, after Pivot moved to dismiss the amended complaint for lack of personal jurisdiction, *see* Dkt. No. 21, Horton responded by moving to transfer venue to the District of Arizona, *see* Dkt. No. 22; *see also* Dkt. Nos. 29 & 30 (denying Horton's construed motion for leave to file an out-of-time response to the motion to dismiss

should his transfer motion be denied, in which Horton explained that his response to the motion to dismiss was the motion to transfer).

The parties then briefed the transfer motion, and Pivot replied in support of its motion to dismiss. *See* Dkt. Nos. 28, 32, & 33.

And the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to transfer and deny the motion to dismiss for lack of personal jurisdiction without prejudice to Pivot's right to reassert it after the transfer of this lawsuit to the District of Arizona.

**Legal Standards**

"[A] federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting FED. R. CIV. P. 4(k)(1)(A)).

Where a nonresident defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing that the court has jurisdiction over the nonresident. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

This defense "exists to ensure fairness to defendants and to protect federalism." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021) (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293 (1980)).

Consistent with these values,

> a defendant must have "fair warning" that his activities may subject him to another state's jurisdiction. That warning permits the defendant to "structure its primary conduct to lessen or avoid exposure to a given State's courts." The limits on specific jurisdiction also "ensure that States with little legitimate interest in a suit" cannot wrest that suit from "States more affected by the controversy."

*Id.* (quoting *Ford Motor*, 141 S. Ct. at 1025).

If the court rules on the defense without an evidentiary hearing, "the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018)). And the Court will "accept the plaintiff's uncontroverted, nonconclusional factual allegations as true and resolve all controverted allegations in the plaintiff's favor." *Id.* (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (per curiam)).

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

"As the Texas long-arm statute extends as far as constitutional due process allows, [federal courts] only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Two types of personal jurisdiction may be exercised over a nonresident

defendant: general and specific.

"General jurisdiction 'requires continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum.'" *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020) (quoting *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018)).

"A court may assert general personal jurisdiction over foreign corporations 'when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.'" *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017)).

> There are two "paradigm" forums in which a corporate defendant is "at home." They are (1) the corporation's place of incorporation and (2) its principal place of business. Beyond those two "paradigm" forums, there may also be "exceptional cases" where the exercise of general jurisdiction is appropriate because a corporate defendant's operations are "so substantial and of such a nature as to render the corporation at home" in the forum State.

*Id.* (cleaned up).

"But it is 'incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.'" *Id.* (quoting *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020)).

"This 'at home' analysis also applies to limited liability companies." *Holman's DNA Trucking & Constr., LLC v. Nat'l Liab. & Fire Ins. Co.*, No. 3:21-cv-2653-B, 2022 WL 4843118, at *2 & n.3 (N.D. Tex. Sept. 30, 2022) (citing *Frank*, 947 F.3d at 337-38 n.10).

"Specific jurisdiction, on the other hand, demands a connection between the

suit and the forum," *Zoch*, 810 F. App'x at 288 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F.*, 137 S. Ct. 1773, 1780 (2017)). Accordingly, it "focuses on the relationship among the defendant, the forum, and the litigation." *Seville*, 53 F.4th at 895 (quoting *Walden*, 571 U.S. at 284).

> In evaluating whether due process permits the exercise of specific jurisdiction, [courts in this circuit] consider
> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
> If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable.

*Carmona*, 924 F.3d at 193 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); footnote omitted).

"For there to be minimum contacts, a defendant must have 'purposefully availed himself of the benefits and protections of the forum state' 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007), then *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting, in turn, *World-Wide*, 444 U.S. at 297)).

This "constitutional touchstone" "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 474, 475 (cleaned up). "That is, the plaintiff cannot supply 'the only link between the defendant and the forum.'" *Carmona*, 924 F.3d at 924 (quoting *Walden*, 571 U.S.

at 285). "Rather, jurisdiction is proper only where the 'defendant *himself*' made deliberate contact with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284 (quoting, in turn, *Burger King*, 471 U.S. at 475)).

"Where a court finds it lacks personal jurisdiction, it may dismiss the action" under Rule 12(b)(2). *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). "In the alternative, a federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Id.* at 466 (quoting *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)). *Cf. Seville*, 53 F.4th at 897 ("Section 1406 'confers broad discretion in ruling on a motion to transfer.'" (cleaned up)).

"Section 1406(a) allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits" and, at least in this circuit, "can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper." *Herman*, 730 F.3d at 466 (citing *Dubin*, 380 F.2d at 816; *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985)).

Similarly, 28 U.S.C. § 1631 instructs that, "[w]henever ... there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought," *id.*, and therefore "requires a transfer when a district court lacks either [subject-matter or personal] jurisdiction and the other statutory prerequisites are met," *Franco v. Mabe Trucking Co.*, 3 F.4th 788, 796 (5th Cir. 2021); *see also id.*

("[B]oth statutes are mandatory when their respective preconditions are met.").

## Analysis

Because Horton moved to transfer his own lawsuit once confronted with Pivot's personal jurisdiction defense, the undersigned will assume (but will not find) that Pivot is not subject to the Court's jurisdiction, an obvious "obstacle to adjudication on the merits." *Herman*, 730 F.3d at 466. *Cf.* 14D CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3827 (4th ed. 2021) ("Wright & Miller") ("For those courts that conclude that Section 1406(a) can be used even though venue is proper if personal jurisdiction is lacking, transfer should be allowed only if the defendant has objected to personal jurisdiction, since a lack of in personam jurisdiction also is waived if not promptly raised." (footnote omitted)).

But, before fast-forwarding to the parties' real dispute – dismissal versus transfer – the undersigned pauses to note that, while Pivot asserts that Horton has failed to allege that the Court has jurisdiction over it, Pivot also provides ample documentary evidence in support of this defense. *See* Dkt. No. 21-1.

In view of this record, which the Court need not consider under the recommended approach, the undersigned notes that Horton replied in support of the transfer motion that – as set out in the amended complaint – "limited jurisdictional discovery … would reveal an agency relationship between whomever actually made the calls and [Pivot]." Dkt. No. 33 at 6 ("There is no way that [Pivot] is letting random companies sell their products, much less charge customers' credit cards in their name[,] without an agency relationship."); *see also* Dkt. No. 13, ¶ 13 ("[T]he Plaintiff

reserves the right to argue vicarious liability once Discovery has been completed. At this point, there is no way to know who made the calls. But the fact that the Defendant has directly billed the Plaintiff would point to them making the calls.").

So, if the Court were required to find that there is no jurisdiction over Pivot in Texas, before doing so, Horton may be entitled to jurisdictional discovery – or at least the Court would be required to allow him to formally request such discovery. *See, e.g.*, *Horton v. SunPath, Ltd.*, No. 3:23-cv-631-E-BN, 2023 WL 3807043, at \*1-\*2 (N.D. Tex. June 1, 2023) ("Federal courts 'will not authorize a jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove our jurisdiction.' 'But if a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.' And multiple federal courts, including district courts in this circuit, 'have ruled on jurisdictional discovery requests first raised in response to a motion to dismiss.'" (cleaned up)).

Turning to the real dispute, a transfer for lack of personal jurisdiction, whether under Section 1406(a) or under Section 1631, requires two findings.

The Court must first find that the case "could have been brought" in the transferee district: here, the District of Arizona. And, here, this requirement is met where Pivot asserts that "its principal place of business [is] in Scottsdale, Arizona." Dkt. No. 21 at 8. Accordingly, Pivot is "at home" in Arizona and thus subject to general personal jurisdiction there. *See Tyrrell*, 581 U.S. at 413; *Seville*, 53 F.4th at 895;

*Frank*, 947 F.3d at 337-38 n.10; *Holman's*, 2022 WL 4843118, at \*2 & n.3.

The Court must also find that a transfer to the District of Arizona is "in the interest of justice."

Reviewing the denial of a transfer under Section 1406(a) where the plaintiff was represented by counsel, the United States Court of Appeals for the Fifth Circuit recently observed that, "[a]mong the relevant considerations for determining whether transfer is in the interest of justice, courts examine the plaintiff's reasons for filing suit in the improper district in the first place and ask whether the 'plaintiff's belief that venue was proper was in good faith and reasonable.'" *Seville*, 53 F.4th at 894 (quoting Wright & Miller § 3827).

And the Court of Appeals concluded there that "[t]he rule is clear and well-established: A district court may deny a request for transfer under § 1406 and dismiss the case where transfer would reward the plaintiff's lack of diligence – even if the dismissal means the plaintiff will be time-barred from filing again in a proper venue." *Id.* at 894-95.

But, for context, the Fifth Circuit also included a fuller excerpt from Wright & Miller:

> The full paragraph reads: "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation. The reasons for doing so are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits, or if the defendant has misled the plaintiff on the facts relevant to venue. District courts also are likely to order transfer rather than dismissal if it would be more efficient or economical to do so or if the plaintiff's belief that venue was proper was in good faith and reasonable. These are far

> from the only reasons for a court to prefer transfer to dismissal. Indeed, it is enough simply that the district judge, in the sound exercise of discretion, concludes that transfer is in the interest of justice, as many courts have concluded."

*Seville*, 53 F.4th at 894 n.1 (quoting Wright & Miller § 3827).

Venue under the TCPA is determined based on the general venue provision, 28 U.S.C. § 1391(b). *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 381 n.11 (2012). And "[c]ourts in TCPA cases have consistently found venue to be proper under § 1391(b)(2) where the call was received." *Neff v. Towbin Dodge LLC*, No. 2:20-cv-00261-JAM-DMC, 2020 WL 6802188, at *2 (E.D. Cal. Nov. 19, 2020) (citations omitted).

So the undersigned cannot find, particularly without a hearing and without considering Horton's request for limited discovery, that Horton's filing suit in this district was in bad faith or unreasonable. And, given the considerations set out above, the undersigned finds that it is in the interest of justice to transfer, rather than dismiss, this lawsuit.

### Recommendation

The Court should grant Plaintiff Lucas B. Horton's motion to transfer [Dkt. No. 22] and deny Defendant PivotHealth Holdings, LLC's motion to dismiss for lack of personal jurisdiction [Dkt. No. 21] without prejudice to Pivot's right to reassert it after the transfer of this lawsuit to the District of Arizona.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 16, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE